Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff SUZANNE NA PIER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE NA PIER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ISABEL, INC., a California corporation; LINDA BASS, individually and as trustee of the BASS TRUST AGREEMENT, DATED JUNE 1, 1998; LESLIE ARENSON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-02135-JLS-DFM<br><br>Honorable Josephine L. Staton<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: February 5, 2021 |

**TABLE OF CONTENTS**

I. Preliminary Statement……………………………………………………1

II. The Complaint is sufficiently pled……………………………………….2

III. Many of Defendant's claims about the lack of alleged facts cannot be supported. A review of the Complaint demonstrates that Defendant does not fairly portray the Complaint………………………………………….7

IV. Defendant's arguments about standing misrepresent the Complaint and misconstrue the relevant law; the Complaint sufficiently alleges injury-in-fact……………………………………………………………………….8

V. Plaintiff adequately alleges an intent to return and a likelihood of future injury……………………………………………………………………10

VI. Conclusion…………………………………………………………...11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) .................................................................. 9, 10

*Civ. Rights Educ. and Enf't Ctr. v. Hosp. Properties Tr.*,
    867 F.3d 1093 (9th Cir. 2017) ....................................................................11

*D'Lil v. Best Western Encina Lodge & Suites*,
    538 F.3d 1031 (9th Cir. 2008) ....................................................................11

*Doran v. 7-Eleven, Inc.*,
    524 F.3d 1034 (9th Cir. 2008) ....................................................................11

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2002) ....................................................................12

*Fernandez v. Hagopian, et al.*,
    Case No. 2:20-cv-05471, October 22, 2020 Order Denying Motion
    to Dismiss .................................................................................................... 1

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*,
    603 F.3d 666 ................................................................................................ 2

*Moeller v. Taco Bell Corp.*,
    816 F.Supp.2d 831 (N.D. Cal. 2011)........................................................... 2

**Statutes**

42 U.S.C. § 12181(7) ......................................................................................... 4

42 U.S.C. § 12182(b)(2)(A)(iv) ......................................................................... 2

42 U.S.C. § 12183(a)(2) .................................................................................... 2

2010 Americans with Disabilities Act ............................................................... 4

ADA ..........................................................................................................*passim*

ADA Amendments Act of 2008 ........................................................................ 3

ADA Title III ............................................................................................ 2, 3, 11

Americans with Disabilities Act ............................................................................... 9

Americans with Disabilities Act, 42 U.S.C. §12102(2) ............................................ 3

U.S. Code § 1927 ....................................................................................................... 2

**Other Authorities**

28 C.F.R. §§ 36.101 et seq. ........................................................................................ 3

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 1

Federal Rules of Civil Procedure Rule 8(a) .............................................................. 2

Rule 8(a)'s ................................................................................................................. 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Preliminary Statement

Defendant ISABEL, INC., a California corporation, and Maher Nakoud, an individual, move for dismissal of the Complaint grounded on the court's "lack jurisdiction over the subject matter" (Fed. R. Civ. P. 12(b)(1)) because Plaintiff allegedly (1) failed to allege facts that show the existence of injury in fact[1] and (2) the likelihood of future harm.[2]

Defendant is quick to note the number of cases Plaintiff has filed in the past year.[3] Counsel for Defendant is no stranger to accessibility litigation. In fact, Counsel for Defendant has brought numerous motions to dismiss in cases similar to this one that regularly fail when opposed because his repeated arguments that incorrectly challenge established law.[4] Counsel for Defendant has been admonished for this practice in the Central District. *See* RFJN; *Fernandez v. Hagopian, et al.*, Case No. 2:20-cv-05471, October 22, 2020 Order Denying Motion to Dismiss (Dkt. No. 20). The Court in *Fernandez* stated:

> "Given Defendants' counsel's volume of ADA litigation in this district, the Court expects them to learn from experience and take obvious steps to avoid burdening the Court with unnecessary motions involving arguments this Court has already addressed. Given the aforementioned Order in *Whitaker,* covering very similar issues and resulting in similar dispositions, t**he instant Motion bordered on frivolous**. **The Court expects counsel to heed this admonition going forward.**"

*Id.* at fn. 1. (emphasis added)

Despite this admonishment, Counsel for Defendant seems content to continue

---

[1] Def. Motion at 8.
[2] *Id.* at 14.
[3] *Id.* at 2.
[4] *See* Plaintiff's Request for Judicial Notice.

his pattern and practice of baseless motions to dismiss, thereby unreasonably multiplying the proceedings. Plaintiff therefore respectfully requests costs and fees associated with the instant Motion in accordance with 28 U.S. Code § 1927, *supra*.

Defendant's arguments are incorrect. As discussed below, the Complaint contains sufficient factual allegations and Plaintiff's pleading is sound.

## II. The Complaint is sufficiently pled

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and give "the defendant fair notice of what the . . . claim is and grounds upon which it rests" in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. In order to determine whether a pleading contains the necessary allegations, a party must understand what constitutes a viable claim under the cause of action pled.

Plaintiff's claims are based on Title III of the ADA. To succeed on a Title III ADA architectural barrier claim, "a plaintiff must show that: (1) he is disabled . . . (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations" because of his disability. *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666. "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing, Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." 42 U.S.C. § 12183(a)(2); 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for Plaintiff to allege under this section:

2

1. Plaintiff must be disabled.
2. Defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA.
3. Defendants must be responsible parties, i.e., owners, operators, lessors or lessees;
4. Defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the Defendant failed to remove;
5. Plaintiff must have actually encountered a non-removed and unlawful barrier;
6. The barrier must continue to impact Plaintiff because either (1) she will return and face it again or (2) Plaintiff is being deterred from returning because of her knowledge of the barrier.

As demonstrated by the table below, Plaintiff has made all the necessary factual and legal allegations necessary to state a claim.

| Element | Fact Alleged |
|---|---|
| 1. Disability | "Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, and sitting. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the |

| | |
|---|---|
| | holder of a Disabled Person Parking Placard." <br><br> (Complaint, ¶ 1.) |
| 2. Place of Public Accommodation | "The Business is a liquor store open to the public, which is a "place of public accommodation" as that term is defined by 42 U.S.C. § 12181(7)." <br><br> (Complaint, ¶ 6). |
| 3. Responsible Parties | "Plaintiff is informed and believes and thereon alleges that Defendant ISABEL, INC., a California corporation, owned, operated, and controlled the Business located at the Property on October 10, 2020." <br><br> "Plaintiff is informed and believes and thereon alleges that Defendant ISABEL, INC., a California corporation, owns, operates, and controls the Business located at the Property currently." <br><br> (Complaint, ¶¶ 4, 5). |
| 4. Plaintiff's Encounter with Barriers. | "Plaintiff went to the Business on or about October 10, 2020 for the dual purpose of purchasing snacks and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law." <br><br> "Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on October 10, 2020." <br><br> "At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that |

| | |
|---|---|
| | projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1)."<br><br>"Plaintiff personally encountered these barriers. The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA."<br><br>"The conditions identified *supra* are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, and ambulating; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, and relate to the proximity of the accessible parking to the accessible entrance."<br><br>"Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG"<br><br>"As a result of her difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property"<br><br>(Complaint, ¶¶ 11-13, 19, 20, 18, 24). |
| 5. The Barriers are Readily | "The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the |

| | | |
|---|---|---|
| | Achievable to Remove | Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable." <br><br> (Complaint, ¶ 27). |
| | 6. Plaintiff is deterred from returning. | "Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law." <br><br> "Upon being informed that the public place of accommodation has become fully and equally accessible, she will return within 45 days as a "tester" for the purpose of confirming their accessibility." <br><br> "Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of Plaintiff's rights under the ADA" <br><br> "Given its location and options, Plaintiff will continue to desire to patronize the Business but she has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove." <br><br> (Complaint, ¶¶ 22, 23, 29, 35). |

Each of the required factual allegations have been made. Defendant however, argues that the court should dismiss the Complaint because Plaintiff has not sufficiently pled an ADA/Unruh case or alleged facts to show standing. Defendant is wrong.

6

III. **Many of Defendant's claims about the lack of alleged facts cannot be supported. A review of the Complaint demonstrates that Defendant does not fairly portray the Complaint.**

Defendant ignores parts of the Complaint and argues for an elevated pleading standard that is at odds with Rule 8(a)'s "short and plain statement." Many of Defendants' claims about what the Complaint does and does not say cannot withstand scrutiny.

| Defendants' Claim | Complaint Language |
|---|---|
| "At this writing we are left in the dark as to how Na Pier was denied full and equal access."<br><br>• Def Motion, p. 8, lines 7-8. | "Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, and sitting. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate." (Complaint ¶1.)<br><br>"…Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1)." (Complaint ¶13.)<br><br>"Plaintiff personally encountered these barriers." (Complaint ¶19.)<br><br>"As a result of her difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property" (Complaint ¶ 24.) |
| Intent to return, likelihood of future injury. | "Plaintiff is being deterred from patronizing the Business and its accommodations on particular |

7

| | |
|---|---|
| • Def Motion, p. 14 | occasions, **but intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public** and to ensure that the Business ceases evading its responsibilities under federal and state law." Complaint ¶22. |
| | |

## IV. Defendant's arguments about standing misrepresent the Complaint and misconstrue the relevant law; the Complaint sufficiently alleges injury-in-fact

In furtherance of its argument that Plaintiff has not adequately pled an injury-in-fact, Defendant provides a supposed quote from Plaintiff's Complaint:

> "'[I]nstead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle Plaintiff personally encountered these barriers. The presence of these barriers related to Plaintiff's disability denies Plaintiff her right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.' ¶19."(*sic*)

Def Motion at p. 8.

In addition to mashing together separate paragraphs from the Complaint, Defendant appears to deliberately eliminate Plaintiff's reference to the ADAAG standards. This allows Defendant to misrepresent Plaintiff's allegations as concerning built up curb ramps in general as opposed to the particular violations of the individual curb ramp on the Subject Property.

The relevant part of Plaintiff's actual Complaint is as follows:

> "At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1)."

8

Complaint, ¶13.

Furthermore, Plaintiff's Complaint goes on to explain:

"Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law."

Complaint, ¶32.

Defendant simply ignores Plaintiff's references to specific code violations concerning the placement and slope of the curb ramp at issue and instead argues that a built up curb ramps, in and of themselves, are allowable. Again, Plaintiff alleges that the particular conditions of this particular curb ramp are in violation of specific sections of ADAAG, that these violations relate to Plaintiff's disabilities, and that Plaintiff encountered the violative curb ramp on October 10, 2020.[5]

As for Defendant's claim that Plaintiff fails to explain how the lack of accessible parking denied her "full and equal access," this also demonstrates a misunderstanding of the law. The Ninth Circuit has held that the phrase "full and equal" is a term of art, having specific reference to the Americans with Disabilities Act Accessibility Guidelines. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011). The *Chapman* court held that "the ADAAG establishes the technical standards required for 'full and equal enjoyment'" and that "if a barrier violating these standards relates to a plaintiff's disability, it **will** impair the plaintiff's full and equal access" and "constitutes 'discrimination' under the ADA." *Id.*

---

[5] Complaint, ¶¶ 1, 11-13, 19, 20, 18, 24.

9

(emphasis added.)

The *Chapman* court, sitting *en banc*, held that this was an objective test looking to the ADAAG and not a subjective one that relied upon the plaintiff's actual experience:

> A disabled person who encounters a "barrier," i.e., an architectural feature that fails to comply with an ADAAG standard relating to his disability, suffers unlawful discrimination as defined by the ADA. 42 U.S.C. § 12182(b)(1)(A)(i). Indeed, by "establish[ing] a national standard for minimum levels of accessibility in all new facilities," *Indep. Living Res.*, 982 F.Supp. at 714, the ADAAG removes the risk of vexatious litigation that a more subjective test would create. Those responsible for new construction are on notice that if they comply with the ADAAG's objectively measurable requirements, they will be free from suit by a person who has a particular disability related to that requirement.

*Chapman*, 631 F.3d at fn. 5.

Plaintiff encountered a barrier that fails to comply with ADAAG standards and relates to her disability and was thereby denied full and equal access. Plaintiff has outlined these allegations in her Complaint and has therefore sufficiently alleged injury-in-fact.

## V. Plaintiff adequately alleges an intent to return and a likelihood of future injury.

Defendant also argues that Plaintiff does not have standing because "she fails to establish a likelihood of future injury"[6] Defendant again misconstrues the Complaint. Plaintiff expressly alleges that she "intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public *and* to ensure that the Business ceases evading its responsibilities under federal and state law."[7]

---

[6] Def. Motion, p.14.
[7] Complaint, ¶ 22, emphasis added.

While Plaintiff has alleged her intent to return as a customer, she did not need to. The Ninth Circuit recently tackled the issue head-on and ruled: "We also conclude that motivation is irrelevant to the question of standing under Title III of the ADA." *Civ. Rights Educ. and Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017). In *Civ. Rights*, the court held that "as a matter of first impression, a plaintiff suing under Title III of the ADA can claim tester standing." (*Id.* at 1093.) In other words, it *does not matter why* Plaintiff went to the business or that she desires to return, she has a right to full and equal access and to be free from discrimination.

"The Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 -1040 (9th Cir. 2008), quoting, *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972). Therefore, "[a]llegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran*, *supra*, 524 F.3d at 1041. The Ninth Circuit has also held that alleging "a desire to visit the accommodation if it were made accessible" is sufficient. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

Here, Plaintiff has made the required allegations to establish standing. Plaintiff alleged that she encountered the barriers and that she is deterred but intends to return and patronize the business once the barriers are removed. Plaintiff has adequately alleged likelihood of future injury.

**VI.   Conclusion**

Plaintiff respectfully requests this Court deny the defense motion, order sanctions against Counsel for Defendant for filing yet another frivolous motion, and permit this case to proceed past the pleadings stage. The Complaint gives

Defendants fair notice of Plaintiff's claims and has adequate factual and legal allegations. Should the Court grant any aspect of the Motion, Plaintiff requests leave to amend in accordance with the mandate that such leave be granted freely and liberally. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2002) (the policy in favor of permitting amendment is to be applied with "extreme liberality").

DATED: January 14, 2021    Respectfully submitted,
                MANNING LAW APC

              By: */s/ Joseph R. Manning, Jr.*
                Joseph R. Manning, Jr.