Exhibit 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | #13 (8/31) |
|---|---|---|---|
| Case No. | CV 20-4764 PSG (ASx) | Date | August 27, 2020 |
| Title | Anthony Bouyer v. Gidon A Lavi, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court DENIES Defendants' motion to dismiss

Before the Court is a motion to dismiss filed by Defendants Gidon A. Lavi and Roberta Kay Lavi ("Defendants"). *See* Dkt. # 13 ("*Mot.*"). Plaintiff Anthony Bouyer's ("Plaintiff") opposition was due on August 10, 2020, but he did not file it until August 17, 2020. *See* Dkt. # 16. Defendants replied on August 17, 2020, stating that the opposition was untimely and, therefore, it did not have time to file a substantive reply. *See* Dkt. # 17. Accordingly, the Court will not consider the specific arguments in Plaintiff's opposition in addressing the merits of the motion.

The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court **DENIES** Defendants' motion to dismiss.

I.  Background

Plaintiff is a paraplegic who requires a wheelchair for mobility. *Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 1. On May 22, 2020, Plaintiff visited a store whose property (the "Property") is owned by Defendants. *Id.* ¶¶ 2 4. Plaintiff alleges that, when he visited the Property, he encountered barriers that denied him full and equal access to it, including "a built up curb ramp that projects from the sidewalk and into the access aisle" of the designated parking space available for people with disabilities, which exceeds the maximum grade allowed by the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), and an accessible parking space that did not possess the proper signage. *Id.* ¶¶ 9 12, 21. Because there were no accessible parking spaces that complied with the ADAAG, Plaintiff claims the Property was "inaccessible" to him. *Id.* ¶ 21.

On May 28, 2020, Plaintiff filed suit in this Court, bringing two causes of action:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4764 PSG (ASx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Anthony Bouyer v. Gidon A Lavi, et al. | | |

First Cause of Action: violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. *Id.* ¶¶ 26–31.

Second Cause of Action: violation of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.[1] *Id.* ¶¶ 32–35.

Defendants now move to dismiss the complaint, arguing that (1) Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because he lacks standing to sue, *see Mot.* 13:16–21, and that, (2) even if Plaintiff has standing, his complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted, *see Mot.* 16:7–20. The Court disagrees on both grounds. Therefore, Defendants' motion to dismiss is denied.

II. Legal Standard

   A. Standing and Rule 12(b)(1)

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The "irreducible constitutional minimum" of Article III standing has three elements: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See id.* at 561. Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(1) provides for a party, by motion, to assert the defense of "lack of subject-matter jurisdiction." This defense may be raised at any time, and the Court is obligated to address the issue sua sponte. *See* Fed. R. Civ. P. 12(h)(1) (providing for waiver of certain defenses but excluding lack of subject matter jurisdiction); *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of

---

[1] On August 24, 2020, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* Dkt. # 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4764 PSG (ASx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Anthony Bouyer v. Gidon A Lavi, et al. | | |

course be raised at any time prior to final judgment."); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction."). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenging party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See id*.

B.  Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.  Discussion

Defendants argue that the Court should dismiss Plaintiff's complaint for lack of standing under Rule 12(b)(1), or, in the alternative, for failure to state a claim under Rule 12(b)(6). *See Mot.* 13:16 21, 16:7 20. The Court rejects each argument in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4764 PSG (ASx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Anthony Bouyer v. Gidon A Lavi, et al. | | |

A. <u>Standing and Rule 12(b)(1)</u>

For Plaintiff to demonstrate that he has standing to sue, he must show that he suffered an injury-in-fact, that the injury is traceable to Defendants' actions, and that the injury can be redressed by a favorable decision by the court. *See Lujan*, 504 U.S. at 560–61. In order to pursue injunctive relief, as Plaintiff seeks under the ADA, he must also demonstrate a "real and imminent threat of repeated injury" in the future. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

Defendants argue that the complaint (1) does not adequately allege the existence of an injury-in-fact because it "does not connect the alleged violations to Plaintiff's disability, or indicate how he encountered any one of them in such a way as to impair full and equal enjoyment of the [Property]," *see Mot.* 6:13–23; (2) does not allege that any injury can be redressed because it does not specify the changes that Defendant must make to the Property before Plaintiff can have full and equal access to it, *see Mot.* 12:6–15; and (3) does not sincerely allege an intent to return that justifies injunctive relief under the ADA, *see Mot.* 13:5–15. While it is not entirely clear from Defendants' motion, the Court construes these arguments as a facial Rule 12(b)(1) challenge.

Defendants rely heavily on *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (en banc), to support their arguments. In that case, the Ninth Circuit concluded that merely attaching a list of barriers known to the plaintiff "[could] not substitute for the factual allegations required in the complaint" to establish an injury-in-fact. *Id.* at 954–55. However, the Court also explained:

> Because the ADAAG establishes the technical standards required for "full and equal enjoyment," if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes "discrimination" under the ADA. That discrimination satisfies the "injury-in-fact" element of *Lujan*. As we have held, once a disabled plaintiff has encountered a barrier violating the ADA, "that plaintiff will have a 'personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers related to that person's particular disability."

*Id.* at 947 (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)).

Here, Plaintiff alleges that, when he visited the Property, he encountered "a built up curb ramp that project[ed] from the sidewalk and into the access aisle" of the designated parking space available for people with disabilities, which exceeded the maximum grade allowed by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4764 PSG (ASx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Anthony Bouyer v. Gidon A Lavi, et al. | | |

2010 ADAAG, and an accessible parking space that did not possess the proper signage. *Compl.* ¶¶ 9 12, 21. Because there were no accessible parking spaces that complied with the ADAAG, Plaintiff claims the Property was "inaccessible" to him. *Id.* ¶ 21. Under *Chapman*, Plaintiff's allegation that he encountered a parking space that did not satisfy the ADAAG's requirements is legally sufficient to establish standing. *Id.* at 947. Contrary to Defendants' arguments, (1) the deficient parking space relates directly to Plaintiff's need to use a wheelchair, (2) Plaintiff's injury can be redressed by remodeling the ramp and parking space to comply with the ADAAG, and (3) injunctive relief is appropriate because Plaintiff is currently deterred from patronizing the property, but intends to return once the barriers are removed. *See Compl.* ¶ 19.

Defendants' motion also appears to attempt to bring a factual Rule 12(b)(1) challenge to Plaintiff's complaint. Defendants assert (1) "there was indeed an accessible parking space, along with an access aisle, sufficient to comfortably accommodate a wheelchair exiting a van," (2) which was "sufficiently level and wide for Plaintiff to have comfortably exited his van (assuming he drives a van) and to carry out his shopping," (3) "there was no built-up curb ramp that projects into the access aisle" and "Plaintiff could have easily transitioned to the sidewalk and then back to his car," and (4) "the signage is to code." *See Mot.* 10:18 11:4.

The Court finds that these factual disputes relate to the merits of Plaintiff's claim rather than the Court's subject matter jurisdiction. Therefore, they are inappropriate in a Rule 12(b)(1) motion. However, even if properly brought under Rule 12(b)(1), the Court would not resolve these factual disputes because "the [alleged] jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of [the] action," *see Meyer*, 373 F.3d at 1039, and would be "more appropriately addressed on summary judgment or at trial," *see Alcazar v. Bubba Gump Shrip Co. Rests., Inc.*, No. 20-cv-02771-DMR, 2020 WL 4601364, at *4 (N.D. Cal. Aug. 11, 2020).

Accordingly, the Court rejects Defendants' factual and facial Rule 12(b)(1) challenges.

B. Rule 12(b)(6)

Defendants argue that Plaintiff has not adequately plead the third element of a discrimination claim under Title III of the ADA i.e., that Plaintiff has not alleged that he "was denied public accommodations by the defendant because of his disability." *Mot.* 16:1 20 (quoting *Ariz. ex el. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4764 PSG (ASx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Anthony Bouyer v. Gidon A Lavi, et al. | | |

     Defendants have not pointed to a single case that supports their proposition that they did not deny Plaintiff public accommodations because of his disability when (1) Plaintiff encountered barriers on Defendant's Property (2) that were related to his paraplegia and (3) denied Plaintiff full and equal access to the Property. Moreover, this argument lacks logical coherence, and seemingly contradicts *Chapman*. Because Plaintiff alleged that Defendants denied him full and equal enjoyment of the Property in his complaint, Defendants' Rule 12(b)(6) motion is denied.

IV.    <u>Conclusion</u>

     For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss.

     **IT IS SO ORDERED.**